IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rev. Al Cleveland,　　　　　　　　)
　　　　　Plaintiff;　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
West Aurora School District 129,　)
Dr. Jeff Craig, Superintendent;　　)
　　　　　Defendants.　　　　　　　)

## COMPLAINT

COME NOW Plaintiff, by his undersigned counsel, and Complaining against Defendants, state as follows:

### Jurisdiction

1. This Court has jurisdiction over the parties to this dispute, all of whom are domiciled and operate within the state of Illinois.

2. This Court has jurisdiction over the subject matter of this dispute, which arises under 42 U.S.C. §1983, by virtue of this Court's federal question jurisdiction conferred by 28 U.S.C. §1331.

### Parties

3. Plaintiff is a Director of the Parent Leadership Academy Network (PLAN), which is a program designed to empower parents to monitor their children's education—particularly those parents who are most likely to neglect their children's educational needs.

4. PLAN uses a program called PowerSchool to help children improve their performance academically. PLAN helps parents (particularly minority parents) to understand PSAE/ACT/SAT test scores and how these tests will affect their children's academic future. PLAN helps schools close academic achievement gaps, and encourages children's success despite their personal or home challenges. PLAN helps equip parents to become small-group PLAN trainers in their communities. Currently PLAN usually works with 40 or more parents at a time in training sessions. PLAN has

raised rates of parental involvement with children's education as much as thirtyfold recently.

5. PLAN is an organization which contracts with school districts, and has contracted with several school districts in suburban areas west of Chicago, over several years, and was contracted with the Defendant District 129 at the time of the events in question.

6. Defendant WEST AURORA SCHOOL DISTRICT 129 ("the District") is a school district organized under the Illinois School Code, 105 Illinois Compiled Statutes 5/10-10, and as such is a unit of local government, and was so at the time of the events in question.

7. Defendant JEFF CRAIG is superintendent of the West Aurora School District 129, and was so at the time of the events in question.

## Facts

8. PLAN (through Plaintiff) had been in a contract to provide services to the families of the District during the 2013-2014 school year, as well as the school year before.

9. Decisions on whether to renew contracts such as this are typically made in June.

10. On July 17, 2014, the District offered a new position to Plaintiff, which he accepted, for a stated compensation amount, where he would be implementing PLAN's services in all schools in the District (K-12), but this was a verbal contract, not reduced to writing.

11. The following week when Plaintiff came to sign the contract, Craig mentioned seeing a "disturbing video" when he googled Plaintiff's name.

12. The video to which Craig referred was a 2010 video where Plaintiff and several other speakers spoke at a public gathering against, inter alia, same-sex marriage.

13. This video had been vetted by several other schools and districts which had contracted with Plaintiff (PLAN), which continued to work with PLAN and Plaintiff after becoming aware of the video (even after

opposition to it by certain members of the community).

14. Craig, on behalf of District 129, then reneged on the contract with Plaintiff to implement PLAN in District 129 schools, and in the presence of at least four other district employees falsely accused Plaintiff of misappropriating funds, in an apparent ad hoc attempt to justify his reneging on the contract.

15. Later Craig denied saying anything about misappropriation of funds, and when Plaintiff confronted him about the reason for reneging on the contract, Craig claimed that "he just didn't feel comfortable."

16. Craig claimed to have the support of school board members in his decision (the authority to make the decision of whether or not to contract with PLAN or any other such program lies with superintendents and/or principals of individual schools).

17. Typically Plaintiff through PLAN worked with 4 to 5 schools at a time, at roughly $30,000 per school per year.

18. When Craig offered the contract in question to Plaintiff in July, 2014, he induced Plaintiff to forego renewing his contracts with other schools (since he would be working with ALL of the schools in District 129). Thus, the loss of this contract at such a late stage left Plaintiff with no other contracts for 2014-2015, and at too late of a point to negotiate new contracts with any schools or districts.

19. Plaintiff has sought redress from the School Board, but the Board reported that it does not have a means for grieving such matters as this (since superintendents and principals decided on contracts with programs such as PLAN).

20. Other schools in the areas near District 129 which Plaintiff has approached have stopped returning his calls following the incident in question.

## Count I: Due Process Violations — 42 U.S.C. §1983: District 129

21. Plaintiff realleges items 1 through 20 inclusive.

22. By failing to have a mechanism to challenge cancellation and/or non-renewal of contracts with PLAN, the District violated Plaintiff's right under the Fourteenth Amendment to due process by depriving him of a property interest without notice and an opportunity to respond to the allegations or whatever prompted the cancellation/non-renewal.

23. As a result, Plaintiff has lost at least $150,000 in income.

## Count II: Defamation per se: Craig

24. Plaintiff realleges items 1 — 20 inclusive.

25. Craig's objectively verifiable statements regarding Plaintiff's misappropriation of funds, all were made willfully and wantonly with malice (in retaliation for her exercising her rights to freedom of speech and religion in opposing same-sex marriage), with knowledge that the statements were not true, or with reckless disregard for their truth or falsity, in the presence of at least four other individuals, and caused substantial injury to Plaintiff's reputation.

26. Craig's objectively verifiable statements regarding Plaintiff's misappropriation of funds imputed crimes of moral turpitude and lack of integrity and honesty and competence in work, trade, and profession.

27. Craig's actions have caused Plaintiff great physical and emotional anguish, as well as income (at least $150,000) as well as other job opportunities (leads he had in the area stopped returning calls, as alleged above).

## Count III: 42 U.S.C. §1983—First Amendment Retaliation: Craig

28. Plaintiff realleges items 1 — 20 and 24 — 27 inclusive.

29. By cancelling and not renewing Plaintiff's contract with District 129, and slandering Plaintiff, Defendant has engaged in a pattern of retaliation against Plaintiff for his exercise of clearly established First Amendment rights to comment publicly on matters of public concern—namely, his speaking out against same-sex marriage on a 2010 video which pre-dated his contract work with District 129, and which did not

interfere with district operations in any way, and was unrelated to any work he did for the District.

30. Defendant knew or reasonably should have known that Plaintiff had a clearly established First Amendment right to speak out publicly on matters of public concern, in this case same-sex marriage, and he nevertheless proceeded to effect retaliation against Plaintiff for his exercise of said First Amendment rights.

31. Craig's actions have caused Plaintiff great physical and emotional anguish, as well as income (at least $150,000) as well as other job opportunities (leads he had in the area stopped returning calls, as alleged above).

### Count IV: 42 U.S.C. §1983—First Amendment Retaliation: District 129

32. Plaintiff realleges items 1 — 20 and 24 — 31 inclusive.

33. By the District's policymaker (Craig) cancelling and not renewing Plaintiff's contract with District 129, and slandering Plaintiff, Defendant has engaged in a pattern of retaliation against Plaintiff for his exercise of clearly established First Amendment rights to comment publicly on matters of public concern—namely, his speaking out against same-sex marriage on a 2010 video which pre-dated his contract work with District 129, and which did not interfere with district operations in any way, and was unrelated to any work he did for the District.

34. Defendant knew or reasonably should have known that Plaintiff had a clearly established First Amendment right to speak out publicly on matters of public concern, in this case same-sex marriage, and he nevertheless proceeded to effect retaliation against Plaintiff for his exercise of said First Amendment rights.

35. Defendant's actions have caused Plaintiff great physical and emotional anguish, as well as income (at least $150,000) as well as other job opportunities (leads he had in the area stopped returning calls, as alleged above).

### Count V: Breach of Contract: Craig

36. Plaintiff realleges paragraphs 1 through 20 and incorporates them into this Count.

37. A contract existed between Plaintiff and District 129, which the District offered and Plaintiff accepted, where Plaintiff was to implement PLAN's services in all schools in the District (K-12), for a stated compensation amount.

38. Craig, individually and as policymaker for and on behalf of District 129, induced Plaintiff to not renew his contracts with other schools with which he had worked up to that point (since he would be working with ALL of the schools in District 129).

39. Craig, individually and as policymaker for and on behalf of District 129, breached the contract with Plaintiff by reneging on the contract, after Plaintiff had given consideration in the form of not renewing contracts with other schools, in reliance on the promises Craig made pursuant to his contract with Plaintiff.

40. Plaintiff suffered damage because the loss of this contract at such a late stage left Plaintiff with no other contracts for 2014-2015, and at too late of a point to contract with any other schools or districts.

### Count VI: Breach of Contract: District 129

41. Plaintiff realleges paragraphs 1 through 20 and 36 through 40 and incorporates them into this Count.

42. A contract existed between Plaintiff and District 129, which the District offered and Plaintiff accepted, where Plaintiff was to implement PLAN's services in all schools in the District (K-12), for a stated compensation amount.

43. Craig, as policymaker for and on behalf of District 129, induced Plaintiff to not renew his contracts with other schools with which he had worked up to that point (since he would be working with ALL of the schools in District 129).

**44.** Craig, as policymaker for and on behalf of District 129, breached the contract with Plaintiff by reneging on the contract, after Plaintiff had given consideration in the form of not renewing contracts with other schools, in reliance on the promises Craig made pursuant to his contract with Plaintiff.

**45.** Plaintiff suffered damage because the loss of this contract at such a late stage left Plaintiff with no other contracts for 2014-2015, and at too late of a point to contract with any other schools or districts.

### Count VII: Indemnification Pursuant to 745 ILCS 10/9-102: District 129

**46.** Plaintiff realleges all above paragraphs and incorporates them into this Count.

**47.** The acts of Craig described in the above claims were willful and wanton, and committed in the scope of employment.

**48.** Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, District 129 are liable for any judgments in this case arising from this individual Defendant's actions.

### Conclusion

WHEREFORE, Plaintiff requests that this Court grant the following relief:

**A.** That all Defendants' actions and policies and customs, as alleged above, be declared unconstitutional as violating the First and Fourteenth Amendments and 42 U.S.C. §1983, as well as Illinois statutory and common and constitutional law;

**B.** That Defendants be ordered to pay compensatory and exemplary damages to Plaintiff, as well as attorney's fees pursuant to 42 U.S.C. §1988 and applicable Illinois statutes;

**C.** That all Defendants be enjoined from further violating the constitutional rights of Plaintiff and/or others similarly situated, pending resolution of this litigation; and

**D.** Any and all other relief this Court deems just.

**PLAINTIFFS DEMAND TRIAL BY JURY**

                                 Plaintiff,
                       By: ___s/ Jason R. Craddock___
                         Jason R. Craddock
                           Attorney at Law
                     19 S. LaSalle, Suite 604
                         Chicago, IL 60603
                     Phone: (312) 629-2818
                      Fax: (855) 817-9338
             Email: craddocklaw@att.net